**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| SPACEX SUPER INTELLIGENCE LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| LUIS MARTINEZ, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff SpaceX Super Intelligence LLC ("SpaceXSI" or "Plaintiff"), by and through undersigned counsel, brings this action against Defendant Luis Martinez ("Defendant"), alleging as follows:

## NATURE OF THIS ACTION




1. Plaintiff brings this action to enforce its contractual rights and hold Defendant accountable for his repeated, deliberate, and unconscionable violations of the SpaceXSI Terms of Service and Acceptable Use Policy through his abhorrent abuse of Plaintiff's generative AI chatbot known as "Grok."

2. Grok is a powerful, neutral generative artificial intelligence tool designed by SpaceXSI to be maximally truth-seeking and help humanity understand the universe. Like any generative AI tool, every response, every image, every generation is the result of the user's prompts and directions. Grok is a neutral tool, subject to user control.

3. There are bad people in the world and not all users have good intentions, so Plaintiff draws a bright line on permissible usage: the tool may be open and truth-seeking but is not a safe harbor for illegal, harmful, or abusive conduct. Plaintiff takes violations of this principle extremely seriously. It enforces its rules against violators through account suspensions, account terminations, and by reporting suspected child sexual abuse material to the National Center for Missing and Exploited Children ("NCMEC"). Indeed, in 2026 to date, Plaintiff has suspended 94,556 accounts and made 131,498 reports to NCMEC, resulting in (at least) 244 arrests.

4. In addition and when necessary, Plaintiff will pursue civil accountability against bad actors who abuse its tool to harm others.

5. Plaintiff strictly prohibits any use of Grok in connection with illegal, harmful, or abusive activities. These prohibitions are set forth in plain language in the SpaceXSI Terms of Service and the SpaceXSI Acceptable Use Policy. Among the expressly forbidden activities are:

- "Using [Grok] in a way that infringes, misappropriates or violates a person's privacy or their right to publicity";
- "Undressing or nudifying real persons, or otherwise altering a real person's image or likeness to depict them in an intimate or sexual context";
- "Depicting likenesses of persons in a pornographic manner"; and
- "Sexualizing or exploiting children."

SpaceXSI vigorously enforces these rules.

6. In addition to its Terms of Service and Acceptable Use Policy, Plaintiff builds in technological safeguards to prevent bad actors from engaging in illegal, harmful, or abusive conduct, or otherwise attempting to violate its rules.

7. Defendant flagrantly violated Plaintiff's rules and went to great lengths to circumvent Plaintiff's technological safeguards. Despite expressly agreeing to abide by the SpaceXSI Terms of Service and Acceptable Use Policy, Defendant designed misleading prompts to circumvent Grok's built-in safeguards and then abused the tool to convert non-sexual photographs into sexually explicit images without the photograph subject's knowledge or consent.

8. Upon information and belief, Defendant generated, possessed, and/or distributed child sexual abuse material ("CSAM"). His conduct was knowing, intentional, and calculated. Indiana law enforcement arrested him in connection with the creation and possession of CSAM.

9. Upon discovering that Defendant was engaging with reprehensible, illegal images in violation of SpaceXSI's Terms of Service, SpaceXSI submitted a Cyber Tip to NCMEC. Plaintiff's discovery and reporting of Defendant's misconduct led directly to his arrest, according to public reporting. Plaintiff is providing its full support to the ongoing prosecution.

10. Defendant's actions were a calculated scheme to weaponize Plaintiff's tool for criminal ends, exposing real victims to profound and lasting harm, while exposing Plaintiff to significant legal risk and reputational damage.

11. This lawsuit seeks: (i) a judicial declaration that Defendant violated Plaintiff's Terms of Service and Acceptable Use Policy, (ii) enforcement of the indemnification provision contained therein, (iii) injunctive relief preventing Defendant from creating additional accounts

or further circumventing Plaintiff's safeguards, and (iv) all damages to which Plaintiff is entitled, including attorneys' fees and costs.

## PARTIES

12. Plaintiff SpaceXSI (f/k/a X.AI LLC) is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business in Austin, Texas. The sole member of SpaceXSI is SpaceX Super Intelligence Corp. (f/k/a X.AI Corp.), which is incorporated in the state of Nevada, with its principal place of business in Austin, Texas.

13. Defendant Luis Martinez is a natural person believed to reside in or near Indianapolis, Indiana. Upon information and belief, he is the creator and sole user of at least one SpaceXSI account, associated with the identification number "d3124031-b3b1-43f0-933d-c3bebe7dfad9".

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity exists, and the amount in controversy exceeds $75,000. Plaintiff is organized under the laws of Nevada with its principal place of business in Texas.

15. This Court has personal jurisdiction over Defendant with respect to Plaintiff's claims because Defendant, through his use of Grok, expressly consented to SpaceXSI's Terms of Service – Consumer, effective date June 26, 2026 (the "SpaceXSI Terms of Service"). The SpaceXSI Terms of Service mandate that "all disputes related to these Terms [or] the Service . . . shall be brought and must proceed exclusively in the federal U.S. District Court for the Northern District of Texas or state courts located in Wichita County or Tarrant County, Texas, United States, and you consent to personal jurisdiction in those forums and waive any objection as to

inconvenient forum."

16. Venue is proper pursuant to the mandatory forum-selection clause in the SpaceXSI Terms of Service to which Defendant agreed and pursuant to 28 U.S.C. § 1391(b)(3).

## FACTS

17. SpaceXSI owns and operates the set of generative AI models offered under the Grok brand. Grok is a free AI assistant designed with the goal of maximizing truth and objectivity. It will provide information to users upon request and has advanced capabilities in reasoning, coding, and visual processing. Grok offers real-time search, image generation, trend analysis, and more.

18. Users may access Grok directly through Grok.com or its standalone app, through the X platform with which it is integrated, and via other third-party platforms.

19. Consistent with its broader goal of being maximally truth-seeking, Grok also offers "Spicy" and "Unhinged" modes. Spicy mode permits provocative outputs. Unhinged mode leans into chaotic, irreverent, and deliberately unfiltered responses. Neither mode relates to image generation or alteration; they are text-based, conversational modes of interaction only.

20. Moreover, these text-based modes remain firmly bound by SpaceXSI's rules: they do not permit users to violate the SpaceXSI Terms of Service and Acceptable Use Policy, including by creating sexually exploitative materials in any format or any form of CSAM. Consumers who use Grok's image tools have no ability to access diminished safeguards against abuse.

### A. The SpaceXSI Terms of Service

21. To use and interact with Grok, users must acknowledge and agree to a set of binding Terms of Service that "apply to [users'] access, interactions, and/or use of Grok," and

are at all times publicly available on Grok.com and x.ai to new and existing users. For example, at all relevant times, the SpaceXSI Terms of Service have been prominently linked on Grok.com via a bold, white hyperlink against a black backdrop below where users enter their queries, informing users that "[b]y messaging Grok, you agree to our Terms and Privacy Policy," both of which contain hyperlinks to SpaceXSI's then-existing Terms of Service and Privacy Policy.

22. Users may, but are not required to, create SpaceXSI accounts on Grok.com. Users who create SpaceXSI accounts are notified of the SpaceXSI Terms of Service prior to clicking "Sign Up." On the sign-up page, users are shown a prominent banner informing them that "[b]y continuing, you agree to [SpaceXSI's] Terms of Service and Privacy Policy," which contain hyperlinks to SpaceXSI's then-existing Terms of Service and Privacy Policy.

23. In describing the allowed uses of Grok, the SpaceXSI Terms of Service state: "Subject to your compliance with these Terms, you may access and use our Service. You must comply with all applicable laws as well as our Acceptable Use Policy and any other documentation, guidelines, or policies we make available to you, including on our website."

24. The SpaceXSI Terms of Service further describe prohibited uses of Grok by stating: "What you cannot do. You may not access or use our Services to engage in, or help another person engage in, or promote any illegal, harmful, or abusive activities, or any other behavior that violates our Acceptable Use Policy." The SpaceXSI Terms of Service further describe that users "are responsible for User Content[1] . . . , including ensuring that it does not violate any applicable law or these Terms."

---

[1] In defining the term "User Content," the SpaceXSI Terms of Service state: "You Own Your User Content. You may provide input (e.g., text, audio, images, video, code, files, folders, drives, etc.) to the Service ('Input') and receive output from the Service (excluding output from Grokipedia) based on the Input ('Output'). Collectively, Input and Output are 'User Content.'"

25. The SpaceXSI Terms of Service further provide that "[a]nyone who violates these Terms, Acceptable Use Policy, other documentation, guidelines, or policies we make available to you" is prohibited from using Grok.

26. The SpaceXSI Terms of Service further provide that SpaceXSI "may terminate or suspend your access to our Service or delete your account at any time without notice to you if we determine, at our sole discretion, that:

- You breached these Terms or our Acceptable Use Policy, guidelines, or other policies;
- We must do so to comply with the law;
- Your use of our Service could cause risk or harm to [SpaceXSI], our users, or anyone else[.]"

27. SpaceXSI's Acceptable Use Policy, which "applies to anyone using our Service" includes similar restrictions, stating that:

> You are free to use our Service so long as you use it to be a good human, act safely and responsibly, comply with the law, not harm people, and respect our guardrails:
>
> - Comply with the law. For example, don't use our Service or Outputs to promote or engage in illegal, harmful, or abusive activities, including: …
>     - Causing harm or engaging in abusive activity, including by: …
>         - Undressing or nudifying real persons, or otherwise altering a real person's image or likeness to depict them in an intimate or sexual context …
>         - Depicting likenesses of persons in a pornographic manner
>         - Sexualizing or exploiting children
> - Do not harm people or property. This prohibition includes things like using our Service or Outputs to:
>     - Critically harm or promoting critically harming human life (yours or anyone else's)
>     - Take unauthorized actions on behalf of others
>     - Develop bioweapons, chemical weapons, or weapons of mass destruction
>     - Destroy property
> - Respect guardrails and don't mislead. Don't circumvent safeguards unless you are part of an official Red Team or otherwise have our official written consent.
>
> We report suspected child sexual abuse material to the National Center for Missing and Exploited Children.

28. The SpaceXSI Terms of Service also include an indemnification provision, prominently titled "Indemnity," which states, in full:

> To the fullest extent permitted by law, you will defend, indemnify, and hold [SpaceXSI] and our parents, subsidiaries and affiliates, and our and their respective agents, suppliers, licensors, employees, contractors, officers, and directors . . . harmless from and against any and all claims, damages (whether direct, indirect, incidental, consequential, or otherwise), obligations, losses, liabilities, costs, debts, and expenses (including, but not limited to, legal fees) arising from or related to your use of the Service and Output, your Input, or any violation of these Terms.

**B. Defendant Martinez's SpaceXSI Account**

29. Defendant created at least one SpaceXSI account with the identification number "d3124031-b3b1-43f0-933d-c3bebe7dfad9" on March 19, 2025. By creating his account, Defendant necessarily agreed to the SpaceXSI Terms of Service. On June 28, 2026, Plaintiff clicked "Got It" on a Terms of Service update prompt on Grok that linked the June 26, 2026 Consumer Terms of Service. He could not continue using Grok without clicking.

**C. Defendant Martinez's Egregious—and Unlawful—Violations of the SpaceXSI Terms of Service**

30. A review of Defendant's SpaceXSI account shows that on numerous occasions between approximately April 15, 2026 and July 7, 2026 (the "Relevant Period"), Defendant uploaded non-sexual images of individuals, and Defendant then used, or attempted to use, Grok to alter and/or generate new images and/or videos depicting those individuals in a sexualized manner. Upon information and belief, Defendant did so without those individuals' consent.

31. A review of Defendant's SpaceXSI account further shows that on numerous occasions during the Relevant Period, Defendant submitted prompts to Grok to alter such images to sexualize the subjects of the images, to which Grok responded by refusing to follow the prompts on the basis that such material violated Grok's content moderation guardrails. In response, Defendant repeatedly submitted adversarial prompts, with alterations, in an effort to

circumvent Grok's moderation efforts.

32. In clear violation of the SpaceXSI Terms of Service, the SpaceXSI Acceptable Use Policy, and U.S. law, some of the obscene images produced by Defendant involved the likenesses of minor children.

33. Defendant continued to use Grok during the Relevant Period after violating the SpaceXSI Terms of Service. The SpaceXSI Terms of Service to which he agreed prohibited his use after his prior violations.

34. During the Relevant Period, Plaintiff reported Defendant's illegal activity to NCMEC's CyberTipline.

35. On or around September 8, 2026, the Indianapolis Metropolitan Police Department arrested Defendant and charged him with ten felony counts of child exploitation. The criminal charges against Martinez were filed in Marion County, Indiana (the "Martinez Criminal Action").

36. Upon information and belief, Defendant's arrest was a direct result of Plaintiff's report of Defendant to law enforcement. Plaintiff is providing its full support to the ongoing prosecution.

37. Upon information and belief, at least some of the images at issue in the Martinez Criminal Action were generated or altered through Defendant's violative use of Grok.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

38. Plaintiff incorporates by reference each and every allegation set forth above.

39. Defendant agreed to the SpaceXSI Terms of Service and Acceptable Use Policy when he created and used his SpaceXSI account.

40. The SpaceXSI Terms of Service and Acceptable Use Policy are a valid, enforceable contract.

41. Plaintiff performed its obligations under the SpaceXSI Terms of Service and Acceptable Use Policy.

42. Defendant breached the SpaceXSI Terms of Service and Acceptable Use Policy by leveraging Grok to generate non-consensual sexually explicit images and CSAM.

43. Among Defendant's various other breaches described herein:

a) Defendant manipulated Grok to create sexually explicit images of individuals without their consent, in contravention of the SpaceXSI Terms of Service, which prohibit, among other conduct, using Grok to aid in violating a person's privacy or their right to publicity.

b) Defendant manipulated Grok to create CSAM, in contravention of the SpaceXSI Terms of Service, which prohibit, among other conduct, the sexualization or exploitation of children.

44. Plaintiff has been damaged by Defendant's breaches of the SpaceXSI Terms of Service.

45. The SpaceXSI Terms of Service contain a clear and conspicuous indemnification provision.

46. Defendant's conduct directly triggered this indemnity obligation. As detailed above, Defendant knowingly and intentionally used Grok to circumvent safeguards, alter non-consensual images, and generate and/or distribute CSAM.

47. Defendant's misuse exposed SpaceXSI to potential third-party claims and has caused and continues to cause SpaceXSI reputational harm.

48. As a result of these breaches, Plaintiff seeks indemnification, declaratory relief, and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant and grant the following relief:

A. Enter judgment in favor of Plaintiff against Defendant;

B. Declare that Defendant has breached the SpaceXSI Terms of Service;

C. Order that Defendant indemnify Plaintiff for all reasonable expenses incurred defending itself in any legal action filed by a victim of Defendant's violative misconduct;

D. Award Plaintiff its damages incurred as a result of Defendant's violative misconduct, including any real harm to third parties, exposure to actual and potential third-party claims and lawsuits, and any reputational harm and other damages, including, to the extent they exist, those already incurred;

E. Enter a permanent injunction enjoining Defendant from attempting to create any SpaceXSI accounts, or from otherwise using Grok;

F. Enter judgment awarding Plaintiff its attorney's fees and costs; and

G. Order such other relief that the Court deems just and reasonable.

DATED: October 23, 2026

Respectfully submitted,

/s/ *Charles W. Fillmore*
Charles W. Fillmore
TXBN 00785861

BROWN PRUITT WAMBSGANSS DEAN
FORMAN & MOORE, P.C.
201 Main Street, Suite 700
Fort Worth, Texas 76102
Tel: (817) 338-4888
Fax: (817) 338-0700
cfillmore@brownpruitt.com

*Attorney for Plaintiff*